NO. 12-02-00276-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ANTHONY BRADLEY,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

MEMORANDUM OPINION

PER CURIAM


 Anthony Bradley ("Appellant") appeals the trial court's order revoking his community
supervision, following which Appellant was sentenced to imprisonment for fifteen years. 
Appellant's counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). We
affirm. 


Background Appellant was charged by indictment with burglary of a habitation (1) and, pursuant to a plea
bargain, pleaded guilty as charged. The trial court deferred a finding of guilt and sentenced
Appellant to community supervision for ten years. Subsequently, the State filed a motion to revoke
Appellant's community supervision alleging that Appellant had violated certain conditions thereof. 
On May 14, 2002, a hearing was conducted on the State's motion. Appellant pleaded "not true" to
the State's allegations, but the parties stipulated that Appellant had violated one of the conditions
of his community supervision as alleged. (2) Following the hearing, the trial court found the allegations
in the State's motion to be true, adjudicated Appellant guilty, and sentenced Appellant to
imprisonment for fifteen years. 

 

Analysis Pursuant to Anders v. California

 Appellant's counsel filed a brief in compliance with Anders and Gainous, stating that he has
diligently reviewed the appellate record and is of the opinion that the record reflects no reversible
error and that there is no error upon which an appeal can be predicated. He further relates that he
is well acquainted with the facts in this case. In compliance with Anders, Gainous, and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological
summation of the procedural history of the case, and further states that Appellant's counsel is unable
to raise any arguable issues for appeal. (3) We have likewise reviewed the record for reversible error
and have found none.

 As required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's
counsel has moved for leave to withdraw. We carried the motion for consideration with the merits
of the appeal. Having done so and having found no reversible error, Appellant's counsel's motion
for leave to withdraw is hereby granted and the trial court's judgment is affirmed.


Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.



(DO NOT PUBLISH)
1. See Tex. Pen. Code Ann. § 30.02(a) (Vernon 2003).
2. Specifically, the State alleged in its motion that Appellant had failed to complete the requisite community
service while on community supervision. The parties stipulated that, at the time Appellant was arrested, he had not
completed the required community service, but that while Appellant was released on bail, and before the hearing on
the State's motion, Appellant had completed his community service requirement.
3. Counsel for Appellant certified in his brief that he provided Appellant with a copy of the brief and that
Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and we have
received no pro se brief.